NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER CABRERA, an individual, on behalf of himself, and all others similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),<br><br>    Plaintiff,<br><br>vs.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC. ., a foreign corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. 16-cv-02393(MWF)(JPRx)<br><br>**PROTECTIVE ORDER RE: NONDISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION** |

1           The Court, having read and considered the stipulation of the parties for a protective order regarding nondisclosure of confidential documents and information (the "Stipulation"), and good cause appearing therefor, IT IS HEREBY ORDERED:

        1.    This Order shall govern any designated record of information produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents (including, without limitation, computer and electronic files), and other discovery materials (whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery).

        2.    Each party shall have the right to designate as confidential and subject to this Order any information, document, or portion of any documents produced by it in this litigation which contains private personnel information, trade secrets, or other confidential technical, business, or financial information.  This designation shall be made by stamping each page of the document containing confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without the legend, by furnishing written notice to the receiving party that the information or document shall be designated as CONFIDENTIAL under the Order.  With respect to all materials provided by one party for inspection by another party's counsel, designation by stamping or labeling as CONFIDENTIAL need not be made until copies of the materials are requested after inspection and selection by counsel.  Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality.

[PROPOSED] PROTECTIVE ORDER RE: NONDISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION

LEGAL_US_W # 88504330.1

3. Each party and all persons bound by the terms of this Order shall use any information or document designated as CONFIDENTIAL only for the purpose of prosecution or defense of this action. No such party or other person shall use any information designated as CONFIDENTIAL for any purpose other than the prosecution or defense of this action. The attorneys of record for the parties shall exercise reasonable care to insure that the information and documents governed by this Order are (i) used only for the purposes specified herein, and (ii) disclosed only to persons to whom disclosure of such information and documents is authorized by this Order.

4. Except as otherwise provided by further written stipulation of the parties or by order of the Court, documents or information designated CONFIDENTIAL may be disclosed only to counsel of record and their secretarial and legal assistants and, on a need-to-know basis only and subject to Paragraph 5 of this Order, to the parties, to employees of the parties, to the Court and its personnel, and to consultants and experts retained by the parties for purposes of this litigation (including, without limitation, persons engaged in the scanning, copying, and/or coding of such information or documents).

5. In no event shall any information or documents designated as CONFIDENTIAL be disclosed to any person other than the Court and its personnel and the parties' counsel and their administrative and legal assistants pursuant to Paragraph 4 of this Order until such person has executed a written confidentiality agreement acknowledging and agreeing to be bound by the terms of this Order in the form set forth in Exhibit A to the Stipulation.

[PROPOSED] PROTECTIVE ORDER RE: NONDISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION

LEGAL_US_W # 88504330.1

6. Documents and information designated CONFIDENTIAL shall include (a) all copies, extracts, and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits that contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda, or any other writing filed with the Court and exhibits that contain or reflect the content of any such documents, copies, extracts, or summaries, if the Court so allows under Local Rule 79-5; (d) deposition testimony designated in accordance with Paragraph 7 below; and (e) testimony taken at a discovery-related hearing or other proceeding that is designated in accordance with Paragraph 8 below.

7. Deposition transcripts, or portions thereof, may be designated as subject to this Order either (1) before or immediately after the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume conspicuously labeled CONFIDENTIAL by the reporter, as appropriate, or (2) by written notice to the reporter and all counsel of record given within ten (10) days after the transcript is received by the witness or his counsel or by any party or its counsel, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party.

8. With respect to testimony elicited during discovery-related hearings and other court proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of information that should be kept CONFIDENTIAL, counsel may designate on the record prior to such disclosure that the disclosure is CONFIDENTIAL.  The use of previously

- 3 -

[PROPOSED] PROTECTIVE ORDER RE: NONDISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION

LEGAL_US_W # 88504330.1

designated confidential material in Trial and other pretrial proceedings shall be governed by any order the presiding judge deems appropriate.

9. Notwithstanding any other provisions of this Order, nothing shall prohibit counsel for a party from disclosing a document, whether designated as CONFIDENTIAL, to any employee, officer, or director of the party who produced the document or information so designated.

10. Any information or documents designated as CONFIDENTIAL, if submitted to the Court, shall be filed under seal in compliance with Local Rule 79-5 and shall be made available only to the Court and to persons authorized by the terms of this Order unless the Court orders otherwise. The party filing any pleading or paper which reflects, contains, or includes any information or document subject to this Order shall fully comply with Local Rule 79-5.

11. Any party may mark any documents or information designated as CONFIDENTIAL as an exhibit to a deposition, discovery hearing, or other related proceeding and examine any witness thereon, provided (i) the witness previously has executed a written confidentiality agreement in the form of Exhibit A to the Stipulation, (ii) the exhibit and related transcript pages receive the same type of confidentiality designation as the original document, (iii) there is reason to believe this witness has knowledge or information to which such designated material is relevant, and (iv) the witness is entitled to see the document pursuant to the terms of this Order.

- 4 -

[PROPOSED] PROTECTIVE ORDER RE: NONDISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION

LEGAL_US_W # 88504330.1

12. Any party may designate as CONFIDENTIAL any documents or information produced by any third party to this action within thirty (30) days of production of such documents or information.

13. Any party shall have the right to challenge any designation of discovery material as CONFIDENTIAL by seeking an order of the Court in full compliance with Local Rule 37 with respect to any information, documents, and other things designated as CONFIDENTIAL. If any discovery materials are designated CONFIDENTIAL by a producing party but are not believed by the receiving party to contain confidential information, the receiving party shall so notify the producing party and request a written release of the confidential information from the scope of this Order. If such written release is not forthcoming in ten (10) business days thereafter, the receiving party may apply to the Court for an order requiring the release of the confidential information from the scope of this Order. Prior to making such an application, the receiving party shall contact the producing party, and the parties shall confer in good faith in an effort to resolve the dispute. To maintain confidential status in the event of such an application, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the discovery material to have such protection. The confidential discovery material shall continue to be treated as CONFIDENTIAL under this Order unless and until the Court rules otherwise.

14. In the event that any documents or information designated as CONFIDENTIAL is the subject of any subpoena or other order or proceeding not subject to this Order, the person or entity receiving the subpoenas or other order or proceeding shall promptly notify the designating party, at the addresses set forth below, of the subpoena, order, or other proceeding to enable the other party to

- 5 -

[PROPOSED] PROTECTIVE ORDER RE: NONDISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION

LEGAL_US_W # 88504330.1

1  intervene or move to prevent disclosure of or otherwise protect its confidential
2  information or documents. Such notice shall be given to counsel promptly both by
3  telephone and in written form. The address for such notice shall be the following:

        Blake R. Bertagna, Esq.
        Paul Hastings LLP
        695 Town Center Drive, Seventeenth Floor
        Costa Mesa, CA  92626
        Telephone:  (714) 668-6208
        Facsimile:  (714) 979-1921

        Janine R. Menhennet, Esq.
        Cohelan Khoury & Singer
        605 "C" Street, Suite 200
        San Diego, CA 92101
        Telephone:  (888) 808-8358
        Facsimile:  (619) 595-3000

        Omid Nosrati, Esq.
        The Law Office of Omid Nosrati
        1875 Century Park East, Suite 600
        Los Angeles, CA 90067
        Telephone: (310) 553-5630
        Facsimile: (310)553-5691

17        15.    Upon termination of this action, including all appellate
18  proceedings, unless otherwise agreed to in writing by an attorney of record for the
19  designating party, each party shall assemble and return all material designated as
20  CONFIDENTIAL, including all copies, extracts, and summaries thereof, to the
21  party from whom the designated material was obtained, except that any materials
22  that contain or constitute attorney's work product may be destroyed rather than
23  returned. Proof of such destruction, in the form of a declaration under oath by a
24  person with personal knowledge of the destruction, will be supplied by each party
25  to all counsel of record. The designating party will arrange for the pick-up of such
26  materials or reimburse the returning party for the reasonable expenses incurred in
27  sending or delivering of the materials.

[PROPOSED] PROTECTIVE ORDER RE:
NONDISCLOSURE OF CONFIDENTIAL
DOCUMENTS AND INFORMATION

LEGAL_US_W # 88504330.1

16.     No part of the restrictions imposed by this Order may be terminated, except by the further written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown. The termination of this action shall not terminate the obligations under this Order.

17.     Nothing in this Order shall prevent the parties from seeking an order of the Court determining that some or all of the material designated CONFIDENTIAL is not and does not contain confidential information, and therefore, is not subject to the provisions of this Order. In addition, this Order shall not be deemed a waiver of:

(a)     Any party's right to object to any discovery requests on any grounds;

(b)     Any party's right to seek an order compelling discovery with respect to any discovery request;

(c)     Any party's right to object to the admission of any evidence on any grounds in any proceeding herein; or

(d)     Any party's right to use its own documents with complete discretion.

Dated: January 20, 2017

Hon. Jean P. Rosenbluth
United States Magistrate Judge

- 7 -     [PROPOSED] PROTECTIVE ORDER RE: NONDISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION

LEGAL_US_W # 88504330.1